THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**MELISSA WACHS**
*Senior Counsel*
E-mail:mwachs@law.nyc.gov
Phone: (212) 356-2424
Fax: (212) 356-3509

May 29, 2018

**Via ECF**
Honorable Judge Sanket J. Bulsara
United States Magistrate Judge
Eastern District of New York
225 Camden Plaza East
Brooklyn, New York 11201

Re: Shamar Daley v. City of New York, et al.
16 CV 5983 (RRM)(SJB)

Your Honor:

I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to represent defendants in the above-referenced matter. I write to request the Court compel plaintiff to provide a global C.P.L. §160.50/160.55 release. The parties met and conferred by telephone on May 17, 2018, but were not able to reach a resolution of this matter. Accordingly, the undersigned seeks the Court's assistance.

By way of background, on the evening of November 19, 2013, police officers were in their patrol car when they observed plaintiff walking with another individual. As soon as plaintiff made eye contact with the officers, he ran. While running, he was observed holding a firearm. Officers were not able to catch plaintiff, but recovered the jacket he had discarded in his flight, in which four twists of crack cocaine were found. The officers encountered plaintiff later that night and he was arrested, after a struggle, for criminal possession of a controlled substance. Plaintiff was prosecuted until the matter was dismissed pursuant to C.P.L. §30.30.

Plaintiff now brings this lawsuit alleging, *inter alia,* false arrest, excessive force, denial of right to a fair trial, and a Monell claim. In his Complaint, plaintiff alleges that as a result of his November 19, 2013, arrest, he "suffer[ed] emotional and physical injuries, mental anguish, and incarceration and the deprivation of liberty." (Docket Entry 1 at ¶56).

In their First Set of Interrogatories and Document Demands, defendants requested that plaintiff identify each occasion on which he has been arrested, including the date thereof, the charge, and the amount of time that plaintiff spent incarcerated, and requested that Plaintiff

execute a global §160.50/55 release. (Ex. A, Interrogatory No. 13 and Document Request No. 12) Plaintiff's response objected on the basis of relevance, but indicated that he would provide a release for the list of his arrests. However, plaintiff indicated on May 15, 2018 that they have changed their mind and will not provide the unsealing release for the list of his arrests.

As plaintiff is asserting a claim for false arrest and claiming that he was harmed emotionally as a result, plaintiff's prior and subsequent arrest history bears directly on his claims here. Specifically, any prior or subsequent arrests and incarcerations may demonstrate that at least some portion of plaintiff's purported damages may be attributed to prior or subsequent incarcerations and/or involvement with the criminal justice system. Courts within the Second Circuit have routinely compelled plaintiffs making similar claims to produce information related to their prior arrests and to provide blanket § 160.50 releases. For example, in *Wilson v. City of New York*, 06 CV 229 (ARR)(VVP), 2006 U.S. Dist. Lexis 90050, at *1-2 (E.D.N.Y. Dec. 13, 2006), the Court explained:

> [S]ince the plaintiff seeks damages for emotional distress arising from his arrest and detention, his prior experiences involving arrest and detention, including those which ended favorably and [] records [from which] are therefore sealed, may be relevant to the damages determination the jury will be asked to make at trial. Clearly, it could be credibly argued that one who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never before been detained. The request for such information is therefore reasonably calculated to lead to evidence admissible at trial.

*Id.* at *1. Likewise, in *Derisse v. City of New York*, 12-cv-5192 (NGG)(MDG), 2013 U.S. Dist. LEXIS 113966, at *2-3 (E.D.N.Y. Aug. 13, 2013) (granting motion to compel plaintiff to provide a general release: "The City correctly argues that records of plaintiff's prior arrests, incarcerations and prosecutions may lead to the discovery of admissible evidence concerning his claim for damages for emotional distress."); *Duncan v. City of New York*, 12-cv-1565 (ENV)(JO), 2013 U.S. Dist. LEXIS 11162, at *2 (E.D.N.Y. Jan. 28, 2013) (granting motion to compel plaintiff to authorize release of all prior arrest records); *Cicero v. City of New York*, 11 CV 360 (NGG)(CLP), 2011 U.S. Dist. LEXIS 80880, at *3, 11 (E.D.N.Y. July 25, 2011) (rejecting plaintiff's attempt to refuse access to any prior criminal records other than those pertaining to the arrest at issue and a list of plaintiff's prior arrests resulting in a conviction, and granting motion to compel discovery of *all* of plaintiff's prior arrests; "[a] plaintiff who has previously been incarcerated 'may suffer less damage as a result of a subsequent wrongful incarceration,' thus such discovery was potentially relevant to assessing plaintiff's emotional damages in the pending litigation).

In the meet and confer, plaintiff relied on Judge Fox's ruling in the matter of Ramel *Edwards v. City of New York, et al.*, 16 CV 9124 (PGG)(KNF), DE 48, March 8, 2018. In that case, Judge Fox denied the City's request for a blanket §160.50 release. However, that matter in the Southern District of New York is distinguishable from the instant case. *Edwards* is governed by Local Civil Rule 83.10, and, accordingly, plaintiff had already provided a list of all prior arrests. Here, plaintiff has not and refuses to provide any release.

By claiming damages resulting from his allegedly false arrest, plaintiff has chosen to put his prior experiences with the criminal justice system in issue, and extensive case law in this District, as cited above, supports requiring him to provide a general release to unseal these records. Accordingly, defendants respectfully request that the Court order plaintiff to provide a CPL § 160.50/55 release granting access to records of all of plaintiff's prior and subsequent arrests, incarcerations, and prosecutions.

I thank the Court for its time and consideration of this matter.

Respectfully submitted,

/s/

Melissa Wachs
Senior Counsel
Special Federal Litigation Division

cc:

Jessica Massimi, Esq. (By ECF)
*Attorney for Plaintiff*