UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SHAMAR DALEY,

Plaintiff,

-against-

THE CITY OF NEW YORK, et al,

Defendants.
-----------------------------------------------------------------------X

**PLAINTIFF'S RESPONSES TO DEFENDANTS FIRST SET OF INTERROGATORIES AND DEMAND FOR DOCUMENTS**

**16-CV-5983 (RRM) (SMG)**

Plaintiff, SHAMAR DALEY, by and through his attorneys, The Law Offices of Michael S. Lamonsoff, and pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, responds and objects to Defendants' Request for Production as follows:

## PRELIMINARY STATEMENT

1. Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of Plaintiff's right to rely on other facts or documents at trial.

2. By making the accompanying responses and objections to Defendants' requests, Plaintiff does not waive, and hereby expressly reserves, his right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff make the responses and objections herein without in any way implying that they consider the requests and responses to the requests to be relevant or material to the subject matter of this action.

Internal Affairs Bureau ("IAB") of the New York City Police Department.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff objects on the grounds set forth in his General Objections and Plaintiff objects on the grounds the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding this objection or any of the general objections, plaintiff refers the Defendants to the CCRB file disclosed in this litigation.

**INTERROGATORY NO. 13:**

Identify each occasion on which plaintiff has been arrested other than the Incident that is the subject of this lawsuit, including the date of the arrest, the charges for which the plaintiff was arrested, and the amount of time that plaintiff spent incarcerated.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff objects on the grounds set forth in his General Objections and Plaintiff objects on the grounds the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. However, without waiving or in any way limiting this objection, Plaintiff states that he will execute a release for a list of his arrests upon the parties entering into a stipulation of confidentiality and protective order.

**INTERROGATORY NO. 14:**

Identify each occasion in which plaintiff has been convicted of a felony or misdemeanor, including the date of the conviction, the charges of which plaintiff was convicted, and amount of time that plaintiff spent incarcerated as a result of each conviction.

**RESPONSE TO INTERROGATORY NO. 14:**

plaintiff's counsel, and any experts identified in response to Interrogatory No. 18, including, but not limited to, any documents reflecting any fee agreements and any instructions plaintiff's counsel has provided to the expert regarding the expert's expected testimony and/or examination of plaintiff; and (d) any notes taken by any experts identified in response to Interrogatory No. 18 regarding plaintiff, plaintiff's counsel, the incident alleged in the complaint, this lawsuit, the expert's expected testimony or the expert's retention by plaintiff's counsel in this action.

**RESPONSE TO REQUEST NO. 10:**

See Response to Interrogatory No. 18.

**REQUEST NO. 11:**

Complete and provide the annexed blank authorizations for release of plaintiff's medical records including, but not limited to, records of doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services for treatment received by plaintiff since the Incident and for the five years prior to the Incident, including treatment for any injury resulting from the Incident.

**RESPONSE TO REQUEST NO. 11:**

See Response to Interrogatory No. 4.

**REQUEST NO. 12:**

Complete and provide the annexed blank authorization for access to plaintiff's records that may be sealed pursuant to N.Y. C.P.L. §§ 160.50 and 160.55. Note that the authorizations for access to plaintiff's records may be sealed pursuant to N.Y. C.P.L. §§ 160.50 and 160.55 that is annexed hereto differs from the authorization that may have been provided at the outset of this litigation in that it is not limited to documents pertaining to the arrest and/or prosecution that is

the subject of this litigation.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects on the grounds the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Plaintiff states that he provided this release at the outset of the litigation.

**REQUEST NO. 13:**

Complete and provide the annexed blank authorizations for access to plaintiff's records that may be sealed pursuant to N.Y. C.P.L. §§ 160.50 and 160.55.

**RESPONSE TO REQUEST NO. 13:**

See Response to Document Request No. 12.

**REQUEST NO. 14:**

Complete and provide the annexed blank authorization for the employment records, if any, of plaintiff.

**RESPONSE TO REQUEST NO. 14:**

See Response to Interrogatory No. 5.

**REQUEST NO. 15:**

Complete and provide the annexed blank authorization for the unemployment records, if any, of plaintiff.

**RESPONSE TO REQUEST NO. 15:**

See Response to Interrogatory No. 5.

**REQUEST NO. 16:**

Complete and provide the annexed blank authorizations for insurance carriers with whom